[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendants move to strike counts one through four of the complaint on the grounds that the claims are barred by the doctrine of governmental immunity and count five on the ground that Conn. Gen. Stat. 10-235 does not provide a direct cause of action against the Hartford Board of Education.
By amended complaint dated May 25, 1989, minor plaintiff, Richard Carrington, through his father Garth Carrington, filed a six count action against six defendants: Bernard Sullivan, Chief of Police of the City of Hartford (count one); the city of Hartford (counts two and four); Hernan LaFontaine, Hartford's Superintendent of Public Schools and Peter Roach, Administrator of Security for Hartford Public Schools (count three); Hartford Board of Education (count five); and Helen M. Smith (count six). Counts two and four against the City of Hartford are being brought pursuant to Conn. Gen. Stat. 7-465, an indemnification statute which provides for the assumption by municipalities of damages caused by their employees. Count five against the Board of Education is being brought pursuant to Conn. Gen. Stat. 10-235.
The complaint alleges that on April 1, 1987, at approximately three o'clock p.m., ten-year-old minor plaintiff Richard Carrington (Richard), a student at the Martin Luther CT Page 203 King Elementary School, was struck by a motor vehicle as he was crossing Blue Hills Avenue at Norfolk Street on his way home from school. The plaintiffs allege that Richard was within the duly designated crosswalk. Plaintiffs claim that because of the proximity of the crosswalk to schools and the large number of school children who habitually use the crosswalk, the defendants knew or should have known of the need for a crossing guard at this location and time. According to the plaintiff, a crossing guard was not on duty at the time of the accident.
Count one names as defendant Bernard Sullivan (Sullivan), Chief of Police of the defendant City of Hartford. The plaintiffs allege that the duties of Sullivan include providing for the safety of school children traveling to and from the public schools. According to the plaintiffs, Sullivan, individually and though his agents and employees, was negligent and careless in one or more of the following ways: (1) he failed to require that a crossing guard be assigned to the crosswalk at that time of day when he knew or should have known that one was necessary to provide for the safety of school children; (2) he failed to post or cause to be posted adequate warning signs notifying drivers that they should exercise special care because the crosswalk was heavily used by school children; (3) he failed to post a stop sign before the crosswalk; and; (4) he failed to use any other preventive measures to under the area safe for school children.
Count two incorporates count one and seeks indemnification from the City of Hartford for any judgment rendered against Sullivan pursuant to Conn. Gen. Stat. 7-465.
The third count names as defendants Hernan LaFontaine (LaFontaine), Superintendent of the Hartford Public Schools and Peter Roach (Roach), Administrator of Security for the Hartford Public Schools and alleges that they were negligent in a manner similar to Sullivan in count one. In addition, the plaintiff alleges that these defendants were negligent in that they failed to provide the school children attending Hartford Public Schools, and the plaintiff in particular, proper and adequate instruction in pedestrian safety. Count four seeks indemnification from the City of Hartford for any judgment rendered against LaFontaine and Roach pursuant to Conn. Gen. Stat. 7-465.
Count five is being asserted against the Hartford Board of Education pursuant to Conn. Gen. Stat. 10-235 which indemnifies board of education employees for losses sustained from claims or suits for damages resulting from any act of the employee acting within the scope of his or her employment. In CT Page 204 count six the plaintiffs allege that defendant Helen M. Smith (Smith) was acting negligently in the operation of her motor vehicle when she struck the plaintiff.
Defendants Sullivan, La Fontaine, Roach, the City of Hartford and the Hartford Board of Education filed a motion to strike dated October 9, 1990, counts one through four and have submitted a memorandum in support of the motion. They assert that the claims against the defendants are barred by the doctrine of governmental immunity. Furthermore, the defendants also claim that Conn. Gen. Stat. 10-235 does not provide for a direct cause of action against the Board of Education. Because this claim is asserted in the fifth count, apparently the defendants are moving to strike this count also. In the conclusion of the memorandum of law in support of their motion, the defendants specifically request that the court strike counts one through five. See Rowe v. Godou, 209 Conn. 273, 275
(1988) (motion as supplemented by the memorandum of law was sufficiently specific to comply with Conn. Practice Bk. 154). Therefore, we concluded that the defendants are moving to strike the first five counts of the complaint. The plaintiff has submitted a memorandum dated October 23, 1990 in opposition to defendants' motion and the defendants replied by memorandum dated October 26, 1990.
The function of a motion to strike is to challenge the legal sufficiency of the allegations as set forth in the pleadings. Ferryman v. Groton, 212 Conn. 138, 142 (1989). The motion to strike admits all acts well pleaded. Id. The motion admits facts only and it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Blancato v. Feldspar Corp., 203 Conn. 34, 37 (1987). In deciding whether to grant or deny the motion, the trial court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff. Rowe v. Godou, 209 Conn. 273,278 (1988). In ruling on a motion to strike, the court is limited to facts alleged in the complaint. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). "Notwithstanding the procedural posture of a motion to strike, this court has approved the practice of deciding the issue of governmental immunity as a matter of law." Id.
In support of the motion to strike, defendants Sullivan, LaFontaine, Roach, the city of Hartford, and the Hartford Board of Education argue that they are entitled to the defense of governmental immunity as the acts plaintiffs complain of are public and discretionary in nature, not ministerial. The defendants contend that the plaintiffs have not paid, and cannot prove, the existence of a duty. Furthermore, the defendants argue that the plaintiff Richard was not an CT Page 205 "identifiable victim" threatened with "imminent harm" under Shore v. Stonington, 187 Conn. 147 (1982). See also Defendants' Reply Memorandum dated October 26, 1990. Because the defendants Sullivan, LaFontaine and Roach owed no duty to the plaintiff and, therefore, cannot be found liable, the City of Hartford cannot be found liable or indemnification pursuant to Conn. Gen. Stat. 7-465. With regard to the fifth count being brought pursuant to Conn. Gen. Stat. 10-235, the defendants contend that this section does not provide a direct cause of action against a board of education in a tort action.
The plaintiffs, in opposition, recognize that as to the first, second, third and fourth counts that under Connecticut law, public "officials who undertake discretionary actions are immune from civil liability." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 167 (1988). The plaintiffs state that if this rule were absolute then the defendants would prevail on the motion to strike as it is a well settled under Connecticut law that the operation and supervision of a police department is, as a matter of law, a discretionary governmental function, thus invoking governmental immunity. Citing Gordon,208 Conn. at 180. However, the plaintiffs argue that this immunity is not absolute as the Supreme Court has recognized that a public official may be liable for negligence "where the circumstances make it apparent to the public office, that his or her failure to act would be likely to subject an identifiable person to imminent harm." Evon v. Andrews,211 Conn. 501, 505 (1989). The plaintiffs contend that they have alleged sufficient facts to show that Richard belonged to an identifiable class of plaintiffs. As to the fifth count, the plaintiffs contend that they could rely on Conn. Gen. Stat.10-235 to collect from the Board of Education in the event that LaFontaine and Roach are found liable for Richard's injuries.
In determining whether a municipality is immune from liability, initially a distinction must be made between public duties and private duties. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988); Shore v. Stonington,187 Conn. 147, 152 (1982).
 [I]f the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public, not an individual injury, and must be redressed if at all in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it or CT Page 206 to perform it properly, is an individual wrong, and may support an individual action or damages.
Roman v. Stamford, 16 Conn. App. 213, 219 (1988), aff'd,211 Conn. 396 (1989).
The test to determine whether the action involved creates a duty to the individual is the following:
 If the duty imposed upon the public official. . .is of such a nature that the performance of it will affect an individual in a manner different in kind from the way it affects the public at large, the [action] is one which imposes upon the official a duty to the individual, and if the official is negligent in the performance of that duty he is liable to the individual.
Id. at 220.
If it is determined that the duty is a private one, governmental immunity does not attach. However, "once it is determined that the duty involved. . .is a public duty, the issue of municipal liability may also turn upon whether the specific act in issue was ministerial or discretionary." Roman,16 Conn. App. at 221. A ministerial duty is one which is performed in a prescribed manner without the exercise of judgment or discretion. Evon. v. Andrews, 211 Conn. 501, 505 (1989). The existence of a duty is a matter of law for the court to decide. Gordon, 208 Conn. at 171.
The great weight or authority indicates that the operation of a police department is a discretionary governmental function. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 179 (1988).
 It is firmly established that the operation of a police department is a governmental function, and that acts or omissions in connection therewith ordinarily do not give rise to liability on the part of the municipality. Considerable latitude must be allowed to a police chief in the deployment of his officers. . . . Indeed, because a police chief's authority to assign his officers to particular duties is deemed a matter that concerns the public safety, he may CT Page 207 not be deprived of his power to exercise his own discretion and judgment as to the number. . .of officers needed for particular situations at any given time.
Id. 180.
The plaintiffs have failed to allege that any acts or either Sullivan, LaFontaine or Roach were ministerial in nature. The plaintiffs have also failed to allege any statutory authority that would impose a ministerial duty on the defendants. Moreover, the plaintiffs concede that the acts performed were discretionary and that "officials who undertake discretionary actions are immune from civil liability." Gordon, 208 at 167. However, the plaintiffs argue that this rule is not absolute.
The immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions under which liability may attach:
 first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm; see, e.g., Sestito v. Groton, 178 Conn. 520, 528. 423 A.2d 165
(1979); second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws; see, e.g., General Statutes 7-108 creating municipal liability for damage done by mobs; and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence. See, e.g., Stiebitz v. Mahoney, 144 Conn. 443, 448-49, 134 A.2d 71 (1957).
Evon, 211 Conn. at 505. The plaintiffs contend that Richard falls into the "identifiable person" exception and that they have alleged sufficient facts to bring Richard under this exception.
With regard to the plaintiffs' argument that Richard falls within the exception as he was an identifiable person, this exception for employees engaged in discretionary activities has received very limited recognition. Evon,211 Conn. at 507. In Sestito v. Groton, 178 Conn. 520 (1979), a police officer watched a public disturbance without interfering until the plaintiff's decedent was shot. The court found that CT Page 208 the trial court should not have granted the defendants' motion for a directed verdict in that there was evidence which could have reasonably led the jury to find the defendants liable under either or both Conn. Gen. Stat. 7-108 and 7-465. Id. at 523-24. Conn. Gen. Stat. 7-108 specifically provides for a cause of action against an official or a municipality for failure to enforce certain laws including those designed to prevent disturbances of the peace by riotous assemblies.
On the other hand, in Shore v. Stonington, 187 Conn. 147
(1982), the court affirmed the trial court's granting of a motion for summary judgment and found that under Conn. Gen. Stat. 14-222 and 14-227a, the police officer had the discretion to either warn an intoxicated driver or to remove him from the road as the situation appeared to require. Id. at 154. Thus, the court held that a plaintiff who was struck and killed by the intoxicated driver fifty minutes after the driver was stopped and warned by the police officer was not an identifiable victim fitting into the Sestito exception. Id. at 156. "The adoption of a rule of liability where some kind of harm may happen to someone would cramp the exercise of official discretion beyond the limits desirable in our society." Id. at 157.
In Evon v. Andrews, 211 Conn. 501 (1989), the court also addressed the "discrete person/imminent harm" exception in a case where the plaintiffs' decedents were killed when a fire destroyed their residence, a multi-family rental unit. The court stated that "[t]he risk of fire implicates a wide range of factors that can occur, if at all, at some unspecified time in the future. The class or possible victims of an unspecified fire that may occur at some unspecified time in the future is by no means a group of `identifiable persons'. . . . . .Furthermore, the plaintiffs' decedents were not subject to `imminent harm.'" Id. at 508.
To find the plaintiff Richard in the case at bar to be an identifiable victim in danger of imminent harm would be to stretch the exception beyond the limits espoused in Sestito. As in Evon, this accident could have occurred at any time in the future or not at all and plaintiff was one of many school children and not a readily identifiable victim subject to imminent harm. Evon, 211 Conn. at 508. Accordingly, count one asserted against Sullivan and count three asserted against Roach and LaFontaine are stricken.
In counts two and four the plaintiffs assert that pursuant to Conn. Gen. Stat. 7-465, the City of Hartford has the duty to indemnify Sullivan, LaFontaine, and Roach for any judgment rendered against these defendants. Conn. Gen. Stat. CT Page 2097-465 establishes municipal liability for certain acts of employees. "A plaintiff bringing suit under General Statutes7-465 first must allege in a separate count and prove the employee's duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification." (Emphasis in the original) (citation omitted). Wu v. Fairfield, 204 Conn. 435,438 (1987). The municipality does not assume liability in the first instance, but rather its liability is derivative. Kay v. Manchester, 20 Conn. App. 439, 443-44 (1990). "Thus, in a suit under 7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee." Wu, 204 Conn. at 438.
Because the employee defendants Sullivan, LaFontaine, and Roach cannot be held liable based on the doctrine of governmental immunity, the City of Hartford cannot be held derivatively liable. Accordingly, the motion to strike counts two and four is also granted.
With regard to count five, the defendants assert that Conn. Gen. Stat. 10-235 cannot be used by the plaintiffs to state a direct cause of action against the Hartford Board of Education. A split of authority exists in the superior court as to whether Conn. Gen. Stat. 10-235 provides for a direct cause of action by the plaintiff against a school board and the issue has not been addressed by the Supreme Court or Appellate Court. See Bielaska v. Waterford, 196 Conn. 151, 156 (1985) (claim or error pursuant to Conn. Gen. Stat. 10-235 was not properly before the court because it was not raised at any time prior to or during trial). In Swainbank v. Coombs, 19 Conn. Sup. 391
(1955) and Plasse v. Board of Education, 28 Conn. Sup. 198
(1969), the courts found that Conn. Gen. Stat. 10-235
provides for indemnification from loss not indemnification from liability and thus does not grant a direct cause of action. Under Conn. Gen. Stat. 10-235 "and on the authority of Swainbank v. Coombs, 19 Conn. Sup. 391, no direct liability runs from a board of education to a plaintiff in a tort action, and liability of such board, if any, is to reimburse such teacher or employee for judgments which might be rendered against such teacher or employee." Plasse,28 Conn. Sup. at 201. Accord Doe v. Niland, 2 CSCR 734 (June 22, 1987, Healy, J.). In Pastor v. Bridgeport, 27 Conn. Sup. 337 (1967), the court allowed the board of education to remain a party in a negligence action brought by a student. See also Arnette v. Spinola, 4 CSCR 834 (November 3, 1989, Lewis, J.) (permitted school board to be joined as a defendant pursuant to Conn. Gen. Stat. 10-235).
In King v. Board of Education, 203 Conn. 324, 326
CT Page 210 (1987) the court reiterated its conclusion from King v. Board of Education, 195 Conn. 95, 97 (1985) that "the legislature intended to make indemnification available to a board of education employee for losses sustained from claims or suits for damages, injunctive relief or both, resulting from any act of the employee performed in the discharge of his or her duties or within the scope of employment or under the direction of such board. . . ." Id. at 326. Under Conn. Gen. Stat. 10-235 if a judgment is rendered against a board member, teacher or employee, that person may seek indemnification. Since the plaintiffs are not teachers, board members or employees, they cannot proceed under this statute. Accordingly, the fifth count is stricken.
M. HENNESSEY, J.