DORIS STIEBITZ ET AL. *v.* JOHN C. MAHONEY ET AL.

O'SULLIVAN, C. J., BALDWIN, WYNNE, DALY and MURPHY, Js.

444

Argued May 9—decided July 2, 1957

*Robert J. Pigeon,* with whom was *Stephen E. Ketcham,* for the appellants (plaintiffs).

*Donald B. Caldwell,* with whom, on the brief, was *Donald C. Fisk,* for the appellee (defendant Schendel).

O'SULLIVAN, C. J. The plaintiffs, Doris Stiebitz and Marie V. Kabrick, instituted this action against John C. Mahoney and Herman O. Schendel. The complaint is in two counts. Under the first, the

plaintiffs seek recovery from the defendant Mahoney for injury to their persons and property arising out of an alleged battery, indecent assault, attempted rape and armed robbery committed upon them by Mahoney while he was on duty as a police officer. With this count we have no concern.

The second count, directed solely against the defendant Schendel, contains the following allegations: On June 26, 1955, Mahoney was, and for a long time prior thereto had been, a police officer of the town of Manchester. While on duty patrolling the town highways in a police cruiser during the early morning hours of that day, he stopped an automobile which was owned and operated by one of the plaintiffs and in which the other was riding as a passenger. Mahoney then entered the plaintiffs' vehicle and, at the point of a gun and under threat of death to both women, ordered the operator to drive to a secluded spot. There he handcuffed them to each other, forced them to leave the vehicle, and committed upon both a battery, indecent assault, attempted rape and armed robbery, thereby causing serious personal injury and property damage to each. At the time this occurred the defendant Schendel was the chief of police of the town. As such, he was charged with, among other duties, the control, discipline, appointment, suspension, removal and expulsion of the members of the police department. The personal injuries and property damage inflicted by Mahoney on the plaintiffs were caused by Schendel's negligence in that (a) he appointed Mahoney as a police officer, a position of public trust, without making a proper investigation of his qualifications, maturity, habits, health and moral character, and (b) he failed to remove, expel, suspend or discipline Mahoney when he knew or should

have known that Mahoney was unfit and unqualified to perform safely and properly the duties of the office to which he had been appointed. We shall ignore a third specification because it is couched in general and indefinite language.

Schendel demurred to the cause of action set forth in the second count upon three grounds. The court overruled the demurrer on the first but sustained it on the other two. Upon the refusal of the plaintiffs to plead over, judgment was rendered for Schendel on the second count, and the plaintiffs then appealed. The only assignment of error is directed at the action of the court in sustaining the demurrer.

We observe, parenthetically, that Schendel, as chief of police, was a public officer. *Tremp* v. *Patten,* 132 Conn. 120, 125, 42 A.2d 834. One of his duties in that capacity was to appoint individuals to the police force and, when necessary, to suspend or remove them. The discharge of that duty required the use of a sound discretion. For this reason, *Leger* v. *Kelley,* 142 Conn. 585, 116 A.2d 429, is not controlling, since that case dealt with a duty involving no discretion on the part of the public officer.

We turn now to the demurrer. As previously pointed out, the court overruled it on the first ground, and this requires no discussion on our part. The second ground of demurrer attacks the count in question because "the alleged breach of duty [by Schendel] is one owed to the public generally rather than to these plaintiffs individually." Several legal commentators have expressed the opinion that if the duty imposed upon a public officer is one to the public generally, a failure to perform it adequately is redressable, if at all, only through some form of public prosecution and that the officer must respond in damages for his improper act only when the duty

is owed directly to the individual who sustains injury because of that act. 2 Cooley, Torts (4th Ed.) p. 385; Mechem, Public Offices & Officers, §§ 591, 598; 43 Am. Jur. 84, § 272. Schendel gains no comfort from this statement. For while the line that separates the duties owed solely to the general public from those owed to individuals is, at times, in shadow and difficult to trace, we are satisfied that, under the facts averred by the plaintiffs in their complaint, the duty to appoint proper persons to the police force and to remove or suspend officers who might indulge in such outrageous acts of force and indecency as Mahoney is alleged to have committed was a duty owed to both the general public and every individual who might come in contact with such officers. Because of this point of view, we must, of necessity, hold that the second ground of demurrer was insufficient.

The third ground of demurrer is that Schendel was exempt, as a public officer, from liability for the acts of his subordinates in the absence of a statute creating such liability. We are not confronted with a question of derivative liability arising out of the relationship between Schendel and Mahoney. Recovery is not sought on the theory of respondeat superior, under which the master or principal, as the case may be, is ordinarily liable for the torts of his servants or agents committed within the scope of their employment or agency. *Wolf* v. *Sulik,* 93 Conn. 431, 436, 106 A. 443; *Water Commissioners* v. *Robbins,* 82 Conn. 623, 638, 74 A. 938. The tort upon which the plaintiffs rely is that of Schendel himself. It follows that the third ground of demurrer is not pertinent and the demurrer should not have been sustained on that ground, since the objective of the second count was to hold Schendel liable because of

his own wrongdoing and not because of his derivative responsibility for Mahoney's improper conduct.

Although we have determined that all grounds recited in the demurrer are legally insufficient, we are not to be understood as holding that the second count can successfully withstand other grounds which might have been but, in fact, were not advanced by Schendel. For this reason, we indulge in a short discussion of a phase of the law touching the case, hoping thereby to enable the parties and the court to avoid further difficulties in disposing of this litigation.

Because Schendel's discretion was utilized in the performance of the governmental duty of preserving the peace and enforcing the criminal laws of the state and the town, the discretion was extensive. For this reason, the law clothed him with immunity from liability for his official acts, performed in the use of a delegated discretion, as long as they were done "in good faith, in the exercise of an honest judgment, and not in abuse of . . . discretion, or maliciously or wantonly." *Wadsworth* v. *Middletown,* 94 Conn. 435, 439, 109 A. 246. "Where the discretion has been exercised erroneously but in good faith through an error of judgment, the public official should not be required to pay damages for his acts. The affairs of government cannot be conducted with absolute exactitude, and public officials cannot be expected to act in all cases with certain judgment. Timidity and doubt would govern their performance of public duty if they acted in the consciousness that personal liability might follow, no matter how closely they followed their best discretion. Courts should not too closely scrutinize the acts of discretion on the part of the public official . . . even though there be an erroneous exercise of discretion, when the

good faith of the transaction is manifest and the most that the situation indicates is an error of judgment." Id., 440.

The *Wadsworth* rule, it is to be noted, makes no mention of negligence as a cause for loss of immunity. Indeed, the use of the words "maliciously or wantonly" impliedly excludes conduct characterizable as negligent. It necessarily follows that a public officer is still protected by immunity from liability for acts which require the exercise of discretion, where those acts are negligently carried out. The complaint discloses that the plaintiffs seek recovery from Schendel because of his alleged negligent conduct. Since the acts of his upon which they rely were performed in the exercise of a discretion delegated to him, he cannot legally be held liable for any negligence marking those acts. If recovery is possible at all, the complaint should be so amended as to bring the cause of action within the *Wadsworth* rule.

There is error, the judgment on the second count is set aside, and the case is remanded with direction to overrule the demurrer.

In this opinion the other judges concurred.