[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By amended complaint dated October 11, 1989, minor plaintiff Artesda Likely, by and through her mother, guardian and next friend Evelyn Likely, filed a five count action against Hartford Police Chief Bernard Sullivan (count 1), the City of Hartford (counts 2 and 4), Herman LaFontaine, Hartford's Superintendent of Schools and Peter Roach, Administrator of Security for Hartford's public schools (count 3) and Orlando Ruiz and Susaya Construction Company (count 5). Counts two and four against the City of Hartford are brought pursuant to Conn. Gen. Stat. 7-465 (rev'd to 1985), an indemnification statute which provides for the assumption by municipalities of damages caused by their employees.
The complaint alleges that on April 10, 1986, at approximately 7:12 a.m., the minor plaintiff Artesda Likely (hereinafter "Likely"), a student at Weaver High School, was struck by a motor vehicle as she walked across Blue Hills Avenue on the way to school. The plaintiff alleges that she was within CT Page 469 the designated crosswalk located south of the intersection of Chatham Street and Blue Hills Avenue when she was struck. Plaintiff claims that due to the proximity of the crosswalk to schools and the large number of school children who habitually used the crosswalk, the defendants knew or should have known of the need for a crossing guard at this location and time. At the time of the collision and resulting injuries, plaintiff alleges that there was no crossing guard on duty.
Count one names as defendant Bernard Sullivan, Chief of Police of the defendant City of Hartford. It alleges that among Sullivan's duties is providing for the safety of school children traveling to and from public schools. Sullivan, individually and through his agents and employees, was negligent and careless in one or more of the following respects: (a) he failed to require a crossing guard be assigned to the crosswalk at a time when it was necessary to provide for the safety of children attending school in the area; (b) he failed to post or caused to be posted adequate warning signs notifying the operators of motor vehicles that they should exercise special care because the crosswalk was one which was heavily used by children attending school in the area; (c) he failed to post a stop sign before the crosswalk; and (d) he failed to use any other preventative measure to render the area safe for school children.
Count two incorporates count one and seeks indemnification from the City of Hartford for any judgment rendered against Bernard Sullivan pursuant to Conn. Gen. Stat. 7-465 (rev'd to 1985).
The third count names Herman LaFontaine, Superintendent of Schools for the City of Hartford and Peter Roach, Administrator of Security for the public schools in Hartford and alleges that they were negligent in a manner similar to Bernard Sullivan in count one. In addition to the allegations of negligence enumerated in count one, plaintiff states that LaFontaine and Roach were negligent in that they failed to provide children attending public schools, and the plaintiff in particular, proper and adequate instruction in pedestrian safety. Count four seeks indemnification from the City of Hartford for any judgment rendered against LaFontaine and Roach pursuant to Conn. Gen. Stat. 7-465 (rev'd to 1985).
Count five is being asserted against Orlando Ruiz who allegedly motioned to the plaintiff that it was safe for her to cross and against Susaya Construction Company as employer of Ruiz and owner of the backhoe that Ruiz was operating at the time of the accident. CT Page 470
Defendants Sullivan, LaFontaine, Roach and the City of Hartford filed a motion for summary judgment on October 13, 1990, as to the first four counts. They assert that there is no genuine issue of material fact and that plaintiff's claims are barred by the doctrine of governmental immunity. The defendants have submitted a memorandum in support of their motion along with an affidavit of Captain John Telesky from the Traffic Division of the Hartford Police Department. The plaintiff has submitted a memorandum in opposition dated May 31, 1990. The plaintiff has submitted no affidavits or other supporting documents. The defendants submitted a reply memorandum dated September 14, 1990, and plaintiffs replied to defendants on October 5, 1990.
 II
Summary judgment shall be rendered if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Nolan v. Borkowski,206 Conn. 495, 500 (1988). The party moving for summary judgment has the burden of proving the absence of a dispute as to any material fact. Id. The trial court must view the evidence in the light most favorable to the nonmoving party. Connell v. Colwell, 214 Conn. 242, 246 (1990). "The test is whether a party would be entitled to a directed verdict on the same facts." Id. at 247.
In support of the motion for summary judgment, defendants Sullivan, LaFontaine, Roach and the City of Hartford contend that they are entitled to the defense of governmental immunity as the acts the plaintiff complains of are public and discretionary in nature, not ministerial. Furthermore, the defendants argue that the duty does not fit into the exception whereby a public official would be liable for his or her negligent failure to act when it would be apparent to the public officer that his failure to act would be likely to subject an identifiable person to imminent harm. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 167 (1988). The defendants assert that because Sullivan, Roach and LaFontaine cannot be found liable, the defendant City of Hartford cannot be liable for indemnification pursuant to Conn. Gen. Stat. 7-465.
The plaintiff, in opposition, contends that the issue of whether the act is governmental or ministerial is a question of fact and is not appropriately decided on a motion for summary judgment. Furthermore, according to the plaintiff, the duties of neglecting to post a crossing guard and the defendants' failure to use other preventive measures to reasonably ensure the safety of children attending school falls under the CT Page 471 exception noted above wherein the public officer's failure to act would be likely to subject an identifiable person to imminent harm. The plaintiff cites several statutes in her memorandum not previously cited in the complaint that allegedly impose a ministerial duty on the defendants to provide for the safe travel of children walking in the vicinity of the schools.
In determining whether a municipality is immune from liability, initially a distinction must be made between public duties and private duties. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988); Shore v. Stonington,187 Conn. 147, 152 (1982).
 [I]f the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public, not an individual injury, and must be redressed if at all in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it or to perform it properly, is an individual wrong, and may support an individual action for damages.
Roman v. Stamford, 16 Conn. App. 213, 219 (1988); aff'd211 Conn. 396 (1989).
The test to determine whether the action involved creates a duty to the individual is the following:
 If the duty imposed upon the public official . . . is of such a nature that the performance of it will affect an individual in a manner different in kind from the way it affects the public at large, the [action] is one which imposes upon the official duty to the individual, and if the official is negligent in the performance of that duty he is liable to the individual.
Id. at 220.
If it is determined that the duty is a private one, governmental immunity does not attach. However, "once it is determined that the duty involved. . . is a public duty, the issue of municipal liability may also turn upon whether the specific act in issue was ministrial or discretionary." Roman,16 Conn. App. at 221. A ministerial duty is one which is performed in a prescribed manner without the exercise of judgment or discretion. Evon v. Andrews, 211 Conn. 501, 505
(1989). CT Page 472
The immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions under which liability may attach:
 first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm; see, e.g., Sestito v. Groton, 178 Conn. 520, 528, 423 A.2d 165
(1979); second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws; see, e.g., General Statutes 7-108 creating municipal liability for damage done by mobs; and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence. See, e.g., Stiebitz v. Mahoney, 144 Conn. 443, 448-49, 134 A.2d 71 (1957).
Evon, 211 Conn. at 505.
The existence of a duty is a matter of law for the court to decide. Gordon, 208 Conn. at 171. The plaintiff claims that Sullivan, Chief of Police of the City of Hartford, breached his duty of providing for the safety of school children traveling to and from the Hartford Public Schools in that he failed to assign a crossing guard at the time of the morning when the accident occurred; did not post warning or stop signs at the crosswalk; and failed to use other preventive measures. In the memorandum in opposition to the motion, plaintiff contends that pursuant to Conn. Gen. Stat. 14-297, 14-298, and 14-300 (a), Sullivan had a ministerial duty to provide for the safe travel of school children. In essence, these statutes provide that the "traffic authority" has the power to designate by markers or other appropriate devices the crosswalks which, in its opinion, constitute a special danger to pedestrians including specially marked crosswalks in the vicinity of schools. Conn. Gen. Stat.14-300 (a). "Traffic authority" may mean "chief of police." Conn. Gen. Stat. 14-297 (6). In the affidavit submitted on behalf of the defendants by Captain John Telesky, from the Traffic Division of the Hartford Police Department, Captain Telesky avers that on the date of the accident the "traffic authority" was the City Manager. Because Sullivan was not the "traffic authority" the plaintiff has not alleged a duty owned by Sullivan as a matter of law.
Furthermore, the great weight of authority indicates that the operation of a police department is a discretionary governmental function. Gordon v. Bridgeport Housing Authority, CT Page 473208 Conn. 161, 179 (1988).
 It is firmly established that the operation of a police department is a governmental function, and that acts or omission in connection therewith ordinarily do not give rise to liability on the part of the municipality. Considerable latitude must be allowed to a police chief in the deployment of his officers . . . . Indeed, because police chief's authority to assign his officers to particular duties is deemed a matter that concerns the public safety, he may not be deprived of his power to exercise his own discretion and judgment as to the number . . . . of officers needed for particular situations at any given time.
Id. at 180.
Accordingly, even if the court finds that Sullivan owed a duty to the plaintiff, the duty alleged by the plaintiff is a discretionary governmental action and immunity attaches.
With regard to the plaintiff's argument that she falls within the exception as she was an identifiable person, this exception for employees engaged in discretionary activities has received very limited recognition. Evon v. Andrews, 211 Conn. 501,507 91989). In Sestito v. Groton, 178 Conn. 520 (1979), a police officer watched a public disturbance without interfering until the plaintiff's decedent was shot. The court found that the trial court should not have granted the defendants' motion for a directed verdict in that there was evidence which could have reasonably led the jury to find the defendants liable under either or both Conn. Gen. Stat. 7-108 and 7-465. Id. at 523-24. Conn. Gen. Stat. 7-108 specifically provides for a cause of action against an official or a municipality for failure to enforce certain laws including those designed to prevent disturbances of the peace by riotous assemblies.
On the other hand, in Shore v. Stonington, 187 Conn. 147
(1982), the court affirmed the trial court's granting of a motion for summary judgment and found that under Conn. Gen. Stat. 14-222 and 14-227a, the police officer had the discretion to either warn an intoxicated driver or to remove him from the road as the situation appeared to require. Id. at 154. Thus, the court held that a plaintiff who was struck and killed by the intoxicated driver fifty minutes after the driver was stopped and warned by the police officer was not an identifiable victim fitting into the Sestito exception. Id. at 156. "The adoption of a rule of liability where some kind of harm may happen to someone would cramp the exercise of official CT Page 474 discretion beyond the limits desirable in our society." Id. at 157.
Therefore, to find that the plaintiff in the case at bar to be an identifiable victim in danger of imminent harm would be to stretch the exception beyond the limits espoused in Sestito.
With regard to count three directed against defendants Herman LaFontaine, Hartford's Superintendent of Schools, and Peter Roche, Administrator of Safety for the public schools, the plaintiff argues in its memorandum in opposition to defendants' motion that Conn. Gen. Stat. 10-157 (a) and 10-221 impose a ministerial duty on defendants. The plaintiff contends that defendants were negligent in their failure to adequately mark the crosswalk or properly instruct the students in pedestrian safety.
Therefore, summary judgment is granted in favor of the defendants Bernard Sullivan, Chief of Police (count one); Herman LaFontaine, Superintendent of Schools (count three); and Peter Roach, Administrator of Security (count three).
In counts two and four the plaintiff asserts that pursuant to Conn. Gen. Stat. 7-465, the City of Hartford has the duty to indemnify Sullivan, LaFontaine and Roach for any judgment rendered against these defendants. Conn. Gen. Stat. 7-465
establishes municipal liability for certain acts of employees. A plaintiff bringing suit under General Statutes 7-465 first must allege in a separate count and prove the employee's duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification. Wu v. Fairfield, 204 Conn. 435, 438 (1987). The municipality does not assume liability in the first instance, but rather its liability is derivative. Kay v. Manchester, 20 Conn. App. 439, 443-444 (1990). Thus, in a suit under 7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee.
Because the employee defendants Sullivan, LaFontaine and Roach owed no duty to the plaintiff, the City of Hartford could not be derivatively liable. Thus, it is submitted that defendant City's motion for summary judgment as to counts two and four should be granted.
The City of Hartford's Motion for Summary Judgment is hereby granted.
STENGEL, J. CT Page 475