[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ORDER
In this case, the plaintiff, Maureen M. Surowiec, has sued the defendants, Security Forces, Inc. ("Security Forces") and Pathmark Stores, Inc., ("Pathmark") to recover damages for emotional injuries and resulting losses she claims to have suffered as a result of an incident at Heartland Drugs, a Pathmark subsidiary in Newington, Connecticut, on March 26, 1994.
According to her two-count Complaint dated February 23, 1995, the incident took place as follows :
At about 12:00 noon on the day in question, while the plaintiff was shopping in the cosmetics area of the Heartland store, she removed a bottle of foundation makeup from its packaging to examine its color. Deciding not to purchase it, she replaced it on the wall with over two dozen other unsealed bottles of liquid foundation which had been opened and tried by other customers, then selected another bottle of a different color to purchase. All of this activity, which took place in an area without signs prohibiting the opening or trying on of foundation makeup by customers, was observed by a security guard then working in the store as the employee of defendant Security Forces, Inc., an independent contractor then providing security services to Pathmark at Heartland.
One-half hour later, when the plaintiff approached the check-out counter to pay for her purchases, including the unopened bottle of foundation she had selected to replace the color she had originally examined, the security guard approached her "suddenly and without warning" and, "in front of many other customers, . . . stopped and ridiculed [her]." Complaint, Count I, § 9. During this confrontation, while "holding in his hand the opened bottle of liquid foundation makeup," the guard "asked [her] to open the packages that [she] had purchased." Id. This incident, claims the plaintiff, caused her to be "severely embarrassed" and to suffer "great emotional distress." Id.
§ 10. CT Page 5933
Seven hours later, "still upset" by what had happened, the plaintiff returned to the store and "confronted the same security guard who was involved in the incident." Id.
§ 11. On this occasion, "[t]he security guard openly laughed when he saw the plaintiff approach him, and told the plaintiff to see the manager. The security guard [then] insisted on accompanying the plaintiff to see the manager." Id.
In the First Count of her Complaint, the plaintiff claims that defendant Security Forces is liable to pay her damages because the conduct of the security guard, who at all times relevant to this case was acting as its agent and employee, was "intended to inflict severe emotional distress upon [her];" id., § 12(a); was engaged in by said security guard with "kn[owledge] that [it] would inflict severe emotional distress upon her;" id., § 12(b); and [a]s a result of [such intentional conduct], she experienced . . . severe stress and anxiety for several days; damage to her personal reputation; and damage to her professional reputation." Id., § 13.
In the Second Count of her Complaint, which is directed to defendant Pathmark, the plaintiff realleges all the allegations of her First Count and claims that the incident in question and her resulting injuries were
 13. . . . caused by the negligence and carelessness of the Defendant PATHMARK STORES, INC. in the following ways:
 (a) In that the Defendant hired as an independent contractor a security guard who was likely to inflict severe emotional distress upon customers in its store; [and]
 (b) In that the Defendant failed to supervise the security guard which (sic) it hired as an independent contractor in its store, so that the security guard inflicted severe emotional distress upon a customer in the store.
CT Page 5934
Id., Count II, § 13.
Defendant Pathmark has now moved this Court to strike the Second Count of the plaintiff's Complaint on the ground that:
 The Second Count attempts to state a cause of action in negligence on the basis of vicarious liability. The plaintiff alleges that a security guard hired as an independent contractor by the defendant, Pathmark, intentionally inflicted upon her severe emotional distress. The allegations contained in the Second Count of the Complaint do not state a cause of action for intentional infliction of emotional distress and therefore the defendant, Pathmark, cannot be held liable for the acts of the independent contractor.
Motion to Strike, p. 1. The defendant has supported its Motion with a supporting Memorandum of Law, to which the plaintiff has duly responded with her own Objection to Motion to Strike and supporting Memorandum.
 I
A motion to strike is the proper vehicle by which to contest "the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or any one or more counts thereof, to state a claim upon which relief can be granted[.]" C.P.B. 152(1). All facts alleged in the challenged pleading are to be construed in the light most favorable to the pleader. Sheets v. Teddy's Frosted Foods,179 Conn. 471, 472 (1980). Mere conclusions of law, however, in the absence of sufficient alleged facts to support them, are subject to a motion to strike. Mingachosv. CBS, Inc., 196 Conn. 91, 108 (1985).
 II
The defendant claims that the Second Count of the plaintiff's Complaint is legally insufficient because, CT Page 5935 though it is purportedly based on the defendant's negligent selection or supervision of an independent contractor who engaged in tortious conduct, it does not properly allege that said independent contractor actually engaged in tortious conduct. Noting that the First Count purports to state a cause of action against defendant Security Forces for intentional infliction of emotional distress, the defendant claims that the allegations of that Count, which are incorporated into the Second Count, fail to meet the four-pronged test of Peytan v. Ellis, 200 Conn. 243, 253
(1986). Peytan holds that
 "In order for the plaintiff to prevail in a case for liability under . . . [the intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. Hiers v. Cohen, 31 Conn. Sup. 305, 329 A.2d 609
(1973); 1 Restatement (Second), Torts § 46." Murray v. Bridgeport Hospital,
[40 Conn. Sup. 56, 62, 480 A.2d 610
(1984)], supra, 62[.]
Peytan v. Ellis, supra. Focussing particularly on the second element of the Peytan test, the defendant claims that the plaintiff's allegations of tortious conduct against Pathmark's independent contractor, defendant Security Forces, are deficient because they fail to allege that the independent contractor's agent conduct was "extreme and outrageous." Therefore, claims the defendant, since the security guard's alleged conduct is not properly alleged to have been tortious on the only theory advanced by the plaintiff, the defendant cannot be held responsible for damages allegedly caused by such conduct on the theory of negligent hiring and/or supervision. CT Page 5936
The Court agrees with the defendant that the conduct of the security guard, as alleged in the First and Second Counts of the Complaint, does not satisfy the second prong of the Peytan test. That is, the alleged conduct of the security guard is neither claimed to have been "extreme and outrageous", nor is it so described in the Complaint as to make it subject to such a characterization, even when it is viewed in the light most favorable to the plaintiff. As explained by the drafters of the Restatement of Torts (Second), which Connecticut expressly follows in defining the tort of intentional infliction of emotional distress, "extreme and outrageous conduct" is very limited in nature and degree:
 It [is] not . . . enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree. as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"
 The liability clearly does not extend to mere insults, indignities, threats. arrogances, petty oppression, or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be CT Page 5937 hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where someone's feelings are hurt.
Restatement (Second) Torts, § 46, comment d. (Emphasis added).
Under the foregoing test, it can hardly be doubted that the conduct here alleged — publicly confronting and embarrassing a shopper with the true fact that she opened store merchandise for which she has not paid — is not "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable to a civilized community as to support a claim for intentional infliction of emotional distress. Id. Consisting, at the very most, of "mere insults, indignities . . . [or] petty oppression," it is the sort of unkind, inconsiderate conduct as to which the law has no occasion to intervene. Id.
This conclusion, however, does not end the Court's inquiry; for if notwithstanding the failure of the challenged count to support the particular cause of action envisioned by the plaintiff, it states a different cause of action, the count must be allowed to stand. Cyr v.Brookfield, 153 Conn. 261, 263 (1965). Here, claims the plaintiff, the Second Count of her Complaint must be allowed to stand because, whether or not its incorporated allegations against the security guard are sufficient to plead intentional infliction of emotional distress, it states a proper cause of action for negligent hiring and/or supervision by Pathmark of the security guard's principal, defendant Security Forces.
To state a cause of action for negligent hiring, a plaintiff must ordinarily plead and prove that she was injured by the defendant's own negligence in failing to select as its contractor a person who was fit and competent to perform the job in question. Stiebitz v. Mahoney,144 Conn. 443, 447 (1957). In such instances, the defendant's liability is not vicarious, but direct and personal. That is, the defendant is not liable for the plaintiff's CT Page 5938 injuries merely because the party with whom it contracted negligently caused the injuries while performing its work under the contract. Instead, the defendant's liability depends on proof that it had a duty to the plaintiff to engage fit competent persons to do certain work that it breached that duty by engaging unfit, incompetent persons to perform the work, and that the plaintiff was later injured by contractor's unfit or incompetent performance of work. Id.
When, however, the injury allegedly suffered by the plaintiff is emotional rather than physical, the plaintiff's right to recover damages is restricted in the same way and for the same reasons as that of any other person who claims to have suffered the negligent infliction of emotional distress. That is, when a plaintiff claims that as a result of another person's wrongful conduct, he has suffered emotional distress unaccompanied by physical injury, the plaintiff must also plead and prove
 that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm." (Emphasis added).
Morris v. Hartford Courant Co., 200 Conn. 676, 683 (1986) (quoting Montinieri v. Southern New England Telephone Co.,175 Conn. 337, 345 (1978). This additional pleading and proof requirement "differs from the standard foreseeability of the risk of harm requirement for negligence liability generally in that it focuses more precisely upon the nature of the harm to be anticipated as a prerequisite to recovery even where a breach of duty might otherwise be found[.]"Maloney v. Conroy, 208 Conn. 392, 398 (1988).
In this case, the plaintiff has pleaded that defendant Pathmark was negligent both in engaging the services of a security guard who was likely to inflict severe emotional distress upon customers in its store. She has not claimed, however, that defendant Pathmark knew or should have knowneither of the security guard's alleged propensity to inflict severe emotional distress upon store customers or
that the type of emotional distress he was likely to cause CT Page 5939 was of the sort which might result in illness or bodily harm. The Court must therefore conclude that here, where the only injury allegedly caused by the negligent hiring of defendant Security Forces by defendant Pathmark is emotional injury, the failure of the plaintiff to comply with the special pleading requirements of Morris andMontinieri is fatal to her cause of action.
As for the plaintiff's parallel claim of negligent supervision of the security guard, the Court must similarly conclude that it too is fatally defective. Though a principal who engages the services of an independent contractor may in limited circumstances be liable in negligence to persons injured by the negligent actions of the contractor — to wit, where the principal retains primary control over the contractor's work under the contract — any allegation of negligent supervision must be accompanied by allegations satisfying the requirements ofMorris and Montinieri whenever the only injuries alleged to have resulted from such negligent supervision are emotional rather than physical. See Maloney v. Conroy, supra, 398. Here again, since no such allegations appear in the Second Count of the plaintiff's Complaint, that Count must be stricken for failure to state a claim upon which relief can be granted. It is so ordered this 23d day of May 1995.
Michael R. Sheldon Judge