[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#112)
 FACTS
On March 6, 2000, the plaintiff, Jeffrey Rubenstein, filed an amended complaint in eight counts, naming as defendants the Waterford police department (the department), chief of police Murray Pendleton, Lieutenant Anthony Munoz and officer Hugh C. Teel.
In his amended complaint, the plaintiff alleges the following facts. In 1996, the plaintiff commenced a divorce action against his then wife, Bonnie Rubenstein, and sought sole custody of their one minor child. Prior to and at the time of the divorce action, Bonnie Rubenstein and Teel were "close and intimate friend[s]." Before the plaintiff filed for divorce, Bonnie Rubenstein and Teel conspired to create a record of false complaints of domestic violence against the plaintiff. Despite the plaintiff's complaints regarding the relationship between Bonnie Rubenstein and Teel, Pendleton and the department failed to removed Teel from police investigations regarding the Rubensteins.
In late 1996, the superior court awarded the plaintiff and Bonnie Rubenstein joint custody of their child pendente lite. On September 5, 1997, the court found Bonnie Rubenstein in contempt of the court's visitation order and ordered her to deliver the child to the office of the child's attorney. She did not comply with the court's order. On September 8, 1997, the court awarded the plaintiff temporary sole custody of the child and ordered the department to accompany the child's lawyer to the home of Bonnie Rubenstein[1] to assure that the child was delivered to the plaintiff's custody. That evening, officers of the CT Page 3618 department went to the home of Bonnie Rubenstein. When they arrived, the officers saw a light go off inside the house. After knocking at the door and receiving no reply, the officers left.
The plaintiff, on a daily basis, requested that the department obey the court's order. The plaintiff also repeatedly informed the police that he had reason to believe his wife was preparing to flee the jurisdiction with the child. Despite the plaintiff's efforts, the department's officers refused to assist the plaintiff because of the department's policy, promulgated and endorsed by Pendleton, of remaining uninvolved in the matter. Lieutenant Munoz told the plaintiff to leave the police station and not come back. A warrant for Bonnie Rubenstein's arrest was issued on October 4, 1997, by which time she had, "upon information and belief, " fled the state of Connecticut, placing herself beyond the department's jurisdiction. On December 5, 1997, the plaintiff was awarded permanent sole custody of the child. The plaintiff has not seen his child since August, 1997.
In counts one and two of the complaint, the plaintiff alleges negligence on the part of the department and Pendleton, respectively. Counts five through eight seek damages from each of the four defendants respectively for violations of the plaintiff's right to equal protection under the constitution of Connecticut, article first, § 20. On April 10, 2000, the defendants filed the present motion to strike counts one, two, five, six, seven and eight on the ground that they fail to state a claim upon which relief can be granted. Specifically, the defendants argue that counts one and two should be stricken because the department and Pendleton are protected by governmental immunity, and because the plaintiff has failed to comply with the notice requirements for holding a municipality liable under General Statutes §§ 7-101a and 7-465 and Practice Book § 10-68. The defendants further argue that counts five, six, seven and eight should be stricken because Connecticut law does not recognize an action for damages based upon the equal protection clause of the state constitution, and because the plaintiff has failed to allege facts capable of supporting an inference that any of the defendants deprived him of his right to equal protection. The motion to strike is accompanied by a memorandum of law. On May 16, 2000, the plaintiff filed an objection to the motion to strike, and a memorandum of law in support of his objection.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael. Inc. v. Sea Shell Associates, 244 Conn. 269, 270, CT Page 3619709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions
stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. United Technologies Corp. 240 Conn. 576, 588,693 A.2d 293 (1997). The court's role in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff has] stated a legally sufficient cause of action." Napoletano v. CIGNA Healthcare of Connecticut, Inc.,238 Conn. 216, 232-33, 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103,117 S.Ct. 1106, 137 L Ed.2d 308 (1997).
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v.Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citations omitted; internal quotation marks omitted.) Lombard v. Edward I. Peters, Jr., P.C.,252 Conn. 623, 626, 749 A.2d 630 (2000). A motion to strike is properly granted, however, "if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc.v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
 Counts One and Two
The defendants argue that the first two counts of the complaint should be stricken because the department and Pendleton are protected by the doctrine of governmental immunity.
"Although municipalities are generally immune from liability in tort, municipal employees historically were personally liable for their own tortious conduct. . . . The doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for municipal employees. [A] municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act." (Citations omitted; internal quotation marks omitted.) Purzycki v.Fairfield, 244 Conn. 101, 107, 708 A.2d 937 (1998). Like its employees, "[a] municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts." (Internal quotation marks omitted.) Gordon v. Bridgeport Housing Authority,208 Conn. 161, 167, 544 A.2d 1185 (1988). "The hallmark of a discretionary act is that it requires the exercise of judgment. On the other hand ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." (Internal quotation marks omitted.) Lombard v. Edward I.CT Page 3620Peters, Jr., Inc., supra 252 Conn. 628.
The common-law distinction between discretionary and ministerial acts has been retained in General Statutes § 52-557n (a). That subsection provides in relevant part: "(1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties. . . . (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." General Statutes § 52-557n (a).
"The immunity from liability for the performance of discretionary acts by a municipal employee is subject to . . . exceptions or circumstances under which liability may attach even though the act was discretionary. . . ." Evon v. Andrews, 211 Conn. 501, 505,559 A.2d 1131 (1989). One of these exceptions is "where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm. . . ." Id. Although this common-law exception is not expressly codified as part of § 52-557n, our Appellate Court has recently held that it remains a valid exception to the general rule of governmental immunity for discretionary acts.Colon v. New Haven, 60 Conn. App. 178, 183-84, 758 A.2d 900, cert. denied, 255 Conn. 908, 763 A.2d 1034 (2000).
Our Supreme Court has "previously determined that governmental immunity must be raised as a special defense in the defendant's pleadings. . . . Governmental immunity is essentially a defense of confession and avoidance similar to other defenses required to be affirmatively pleaded [under Practice Book § 10-50]." (Citation omitted; internal quotation marks omitted.) Westport Taxi Service, Inc. v. Westport TransitDistrict, 235 Conn. 1, 24, 664 A.2d 719 (1995). In a decision predating the Supreme Court's statements in Westport Taxi Service, the Appellate Court stated that there is an exception to this rule where "it is apparent from the face of the complaint" that the municipality is immune from liability. Brown v. Branford, 12 Conn. App. 106, 111 n. 3,529 A.2d 743 (1987); see also Lombard v. Edward I. Peters, Jr., Inc., supra, 252 Conn. 628 (stating that whether official acts or omissions are ministerial or discretionary is, in certain cases, apparent from the complaint); Gordon v. Bridgeport Housing Authority, supra, 208 Conn. 170
("Notwithstanding the procedural posture of a motion to strike, this court has approved the practice of deciding the issue of governmental CT Page 3621 immunity as a matter of law."). It is clear, therefore, that the court must deny the motion to strike unless this case is one in which it is apparent from the complaint, construed in the light most favorable to the plaintiff, that the defendants are protected by governmental immunity.
Connecticut courts generally recognize that "the operation of a police department is a discretionary governmental function." Gordon v.Bridgeport Housing Authority, supra, 208 Conn. 179. In Gordon, the court held that "[t]he failure to provide, or the inadequacy of, police protection does not give rise to a cause of action in tort against a city." (Internal quotation marks omitted.) Id., 180; see also Stiebitzv. Mahoney, 144 Conn. 443, 446, 134 A.2d 71 (1957) (the duties of a chief of police in hiring, suspending or disciplining individuals "required the use of sound discretion"); Gregory v. Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 341425 (April 29, 1999, Skolnick, J.) (5 Conn. Ops. 588, 589) (a police officer's "utilization and control of his canine dog is a discretionary governmental function"); Coletosh v. Hartford, Superior Court, judicial district of Hartford, Docket No. 573462 (April 13, 1999, Wagner, J.) (24 Conn.L.Rptr. 399, 400) (in an action alleging police brutality, defendant city was granted immunity because "[t]he acts or omissions allegedly committed by the defendant were discretionary governmental acts").
Despite this general rule, the court does not agree with the defendants that their alleged acts were discretionary rather than ministerial. As stated above, the court must, for purposes of a motion to strike, accept the allegations in the complaint as true. The plaintiff has alleged that the department was specifically ordered by the court to assure that the child was delivered to the plaintiff.[2] Such a court order would create a ministerial duty on the part of the department and the chief of police, because the defendants would not be permitted to exercise judgment or discretion as to the propriety of the action. See Lombard v. EdwardJ. Peters, Jr., Inc., supra 252 Conn. 623. The plaintiff has further alleged that despite the court order, the defendants failed to take steps necessary to secure for the plaintiff custody of his child. Counts one and two of the complaint therefore contain allegations that, if proven, would establish that the defendants breached a ministerial duty.
Furthermore, the allegations of counts one and two could bring this case within the imminent harm/identifiable person exception to governmental immunity. The plaintiff has alleged that he repeatedly informed the police that his former wife was attempting to flee the jurisdiction with their child. If proven, these allegations could establish that the plaintiff was an identifiable person. Whether the plaintiff was exposed to imminent harm is a question of fact not properly CT Page 3622 resolved on a motion to strike. Tryon v. North Branford, 58 Conn. App. 702,716, 755 A.2d 317 (2000).
Because facts provable under the complaint could support conclusions that the defendants breached a ministerial duty and that the plaintiff was an identifiable person subject to imminent harm, this is not a case in which it is apparent from the complaint that the defendants are entitled to governmental immunity. This case, therefore, does not come within the exception to the general rule that governmental immunity must be affirmatively pleaded as a special defense.
The defendants further argue that counts one and two of the amended complaint should be stricken because the plaintiff failed to comply with the notice provisions of General Statutes §§ 7-101a[3] and 7-465.[4]
The plaintiff responds that the continuing nature of the defendant's actions, as alleged in the complaint, made it impossible for the plaintiff to comply with the notice provisions of the two statutes.
The court concludes that counts one and two should not be stricken because of the plaintiff's failure to file notice under §§ 7-101a and7-465, because those two statutes are inapplicable to the plaintiff's complaint. General Statutes § 7-101a is an indemnification statute that has no application in a direct action against municipal employees. Orticelli v. Powers, 197 Conn. 9, 11-13, 495 A.2d 1023
(1985). Similarly, General Statutes § 7-465 is a municipal employee indemnification statute that does not apply where a plaintiff does not allege a claim against a municipality for indemnification of its employee's liability. Altfeter v. Naugatuck, 53 Conn. App. 791, 799,732 A.2d 207 (1999). Nowhere in count one or count two does the plaintiff indicate that he is seeking to have the municipality indemnify any of the defendants. Instead, the plaintiff's negligence counts are based on § 52-557n, which permits a direct action against a municipality. SeeColon v. New Haven, supra, 60 Conn. App. 188 n. 4. As discussed above, the plaintiff has alleged sufficient facts to support a claim under § 52-557n. For these reasons, the motion to strike must be denied as to counts one and two.
 Counts Five, Six, Seven and Eight
The defendants next argue that counts five, six, seven and eight of the amended complaint should be stricken because Connecticut law does not recognize an action for damages based upon article first, § 20 of the state constitution, and because the plaintiff has failed to allege facts capable of supporting an inference that any of the defendants deprived him of his right to equal protection. CT Page 3623
The constitution of Connecticut, article first, § 20, provides: "No person shall be denied the equal protection of the law nor be subjected to segregation or discrimination in the exercise of enjoyment of his or her civil or political rights because of religion, race, color, ancestry, national origin, sex or physical or mental disability." Nowhere in the complaint, however, does the plaintiff allege any facts showing that the defendants treated the plaintiff differently from others similarly situated. See Blakeslee Arpaia Chapman. Inc. v. El Constructors, Inc.,239 Conn. 708, 755, 687 A.2d 506 (1997). Nor does the plaintiff allege that his treatment by the defendants was because of his religion, race, color, ancestry, national origin, sex or mental or physical disability. Consequently, the plaintiff has failed to plead a valid cause of action under article first, § 20 of our state constitution. The motion to strike must be granted as to counts five, six, seven and eight.[5]
 CONCLUSION
The plaintiff, in counts one and two, has pleaded facts that, if proven, could support a conclusion that the defendant breached a ministerial duty or that the plaintiff was an identifiable person subject to imminent harm. The issue of governmental immunity may not therefore be resolved by way of a motion to strike in the present case. The plaintiff has not, however, alleged sufficient facts in counts five, six, seven and eight to support a cause of action for violation of article first, §20 of the Connecticut constitution. For these reasons, the defendants' motion to strike is denied as to counts one and two, and granted as to counts five, six, seven and eight.
Martin, J.