[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION TO STRIKE COUNTS SIX AND TEN
In this ten-count revised and amended complaint the plaintiff, Pablo Feliciano, seeks money damages from the defendants, the City of Hartford (the City), former police chief Joseph Croughwell, and police officers Jamie Ramos, Nathaniel Ortiz, John Doe #1 and John Doe #2, for personal injuries and emotional distress he allegedly suffered on April 2, 1999 when the defendant police officers used unnecessary and unreasonable force in his unlawful arrest and detention.
The plaintiff alleges the following against the defendant officers: violation of article first §§ 7, 9 of the state constitution (count one); recklessness (count two); assault and battery (count three); negligent infliction of emotional distress (count four); and intentional infliction of emotional distress (count five). The plaintiff further alleges in counts six and ten that the city and Croughwell violated article first §§ 7, 8, 9 of the state constitution. Counts seven through nine, directed against the city, allege respectively, liability pursuant to General Statutes § 52-557n; liability under the theory of respondeat superior; and indemnification pursuant to General Statute § 7-465.
On December 20, 2001, the defendants, the city and Croughwell, filed this motion to strike counts six and ten on the grounds that there is no recognized cause of action for money damages under the state constitution against a municipality or supervisor for the alleged unconstitutional conduct of a police officer and that the doctrine of governmental immunity precludes liability from the plaintiff's claims against them.
 I
The defendants claim our appellate courts have not recognized a cause of action for money damages under the state constitution against a municipality or supervisor for the alleged unconstitutional conduct of its police officers. The plaintiff, in opposition, contends that there is CT Page 2711 a private cause of action for money damages under the state constitution.
In Binette v. Sabo, 244 Conn. 23, 49, 710 A.2d 688 (1998), our Supreme Court rejected an unduly restrictive application of "our most fundamental constitutional guarantees." In that case, the court recognized a private cause of action for money damages for violations of article first, §§ 7, 9 but limited its decision to cases where other nonstatutory remedies are not available to redress injuries resulting from unreasonable searches and seizure. The court noted, however, that its decision to recognize a Bivens-type remedy [Bivens v. Six Unknown Named Agents ofFederal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619
(1971)], did not mean that a constitutional cause of action exists for every violation of the state constitution which had to be determined on a case-by-case basis. That determination should be based upon a multifactor analysis, including the nature of the constitutional provision at issue; the nature of the purported unconstitutional conduct; the nature of the harm; separation of powers considerations and the other factors articulated in Bivens and its progeny; the concerns expressed in KelleyProperty Development. Inc.; [Kelley Property Development Inc. v.Lebanon, 226 Conn. 314, 627 A.2d 909 (1993)], and any other pertinent factors brought to light by future litigation. Id., 48.
The plaintiff relying on Bivens, in which the Supreme Court held that an individual injured by a federal agent's alleged violation of the Fourth Amendment may bring an action for damages against the agent, contends that a court has the power to infer a civil action under the constitution when no other civil remedy is available. In Kelley, supra
the Supreme Court declined to recognize a cause of action under article first, § 8 of the state constitution for damages for violations of state due process rights by state or local governmental officials, but the plaintiff contends that Kelley is distinguishable from the present case because the plaintiff in Kelley had remedies at law while the plaintiff has no remedy for violations of his rights under the state constitution other than a lawsuit in damages. The Kelley court explained that an analysis of a state Bivens action should focus on the "presence or absence of an existing alternative remedy, either by way of the statute or under the common law, to provide some measure of relief for the injured party." Id., 338. The court concluded that "we should not construe our state constitution to provide a basis for the recognition of a private damages action for injuries for which the legislature has provided a reasonably adequate statutory remedy. This conclusion accords with the constitutional principle of separation of powers and its requirement for judicial deference to legislative resolution of conflicting consideration of public policy." Id., 339. CT Page 2712
In the present case, the plaintiff seeks to extend the Bivens decision beyond its intended application. The Bivens court permitted a cause of action directly against the offending agents but not the federal agency. The threat of liability to municipalities and its officials by potential defendants has a potential chilling effect on the zeal in which governmental functions are undertaken. See Kelley Property Development.Inc. v. Lebanon, supra, 226 Conn. 342. Also, the deterrent effects of theBivens remedy would be lost "if [our courts] were to imply a damages action directly against [municipalities], thereby permitting claimants to bypass qualified immunity, there would be no reason for aggrieved parties to bring damages against individual officers." Federal Deposit Ins.Corp. v. Meyer, 510 U.S. 471, 485, 114 S.Ct. 996, 127 L.Ed.2d 308
(1994). Here, unlike in Bivens, the plaintiff has available common law and statutory remedies with which to pursue adequate redress. It is concluded that the plaintiff has not alleged sufficient facts to support a claim for which relief can be granted.
 II
In his revised complaint and his memorandum in opposition, the plaintiff alleges that the defendants are legally responsible for the inadequate training and supervision of its officers and this failure is indicative of an organizational failure of the system. The defendants claim that the doctrine of governmental immunity shields a municipality and its officials from liability for an employee's negligent performance of an official duty.
A municipality is immune from liability for the performance of governmental acts, as distinguished from ministerial acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action.
Gauvin v. New Haven, 187 Conn. 180, 184, 445 A.2d 1 (1982).
It is firmly established that the operation of a police department is a governmental function, and that acts or omissions in connection therewith ordinarily do not give rise to liability on the part of the municipality. Thus, the failure to provide, or the inadequacy of, police protection usually does not give rise to a cause of action in tort against a city. Since the deployment of officers is particularly a governmental function, considerable latitude must be allowed to a police chief in the deployment of his officers, or in enforcing discipline. Indeed, because a CT Page 2713 police chief's authority to assign his officers to particular duties is deemed a matter that concerns the public safety, he may not be deprived of his power to exercise his own discretion and judgment as to the number, qualifications and identity of officers needed for particular situations at any given time. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 180, 544 A.2d 1185 (1988). Likewise, our courts have determined that the operation of a police department is a discretionary governmental function. See Stiebitz v. Mahoney, 144 Conn. 443, 446, 448,134 A.2d 71 (1957), which determined that a municipal employee has qualified immunity for the performance of discretionary acts and may be held liable only if he acts maliciously, wantonly or intentionally. InMcKenny v. Sydoriak, Superior Court, judicial district of Tolland, Docket No. CV 94 56247 (April 5, 1995, Sferrazza, J.) (14 Conn.L.Rptr. 1), the court held that in the absence of any prescribed policy, the supervision of a police force by a town manager is discretionary in nature and involves the exercise of judgment. In Doe v. Nunes, Superior Court, judicial district of Hartford, Docket No. CV 94 0463832 (April 15, 1995, Handy, J.), the court found that hiring, supervising and firing police officers are discretionary acts, entitling municipal employees to governmental immunity. In the present case there is no allegation of malice, wantonness or intentional conduct on the part of the municipality or its officials.
For the foregoing reasons, defendants' motion to strike counts six and ten of the revised and amended complaint is granted.
Wagner, JTR CT Page 2714