[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT CITY OF MIDDLETOWN'S MOTION FOR SUMMARY JUDGMENT
Facts
In this lawsuit, the plaintiffs claim that a new septic system installed on their property malfunctioned. They have sued numerous defendants, including the City of Middletown Health Department, because of damages they claim they suffered. The three counts of the complaint against the City assert a claim of negligence (seventh count), a claim for failure to enforce regulations (eighth count) and a claim for a declaratory judgment ordering the City to rescind orders against the plaintiffs requiring them to correct the failed septic system (ninth count).
The defendant City of Middletown moved for summary judgment on all counts. The court granted summary judgment as to the ninth count at the time of oral argument on the motion, February 6, 2003, based upon the plaintiffs' failure to exhaust their administrative remedies. The court now will deal with the first and second claims asserted against the City contained in count seven and count eight of the complaint.
 Discussion
Pursuant to Practice Book Section 17-45, "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381, 385,752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Sherwood v. DanburyHospital, 252 Conn. 193, 201, 746 A.2d 730 (2000). "In ruling on a motion for summary judgment, the court's function is not to decide issues of CT Page 2940 material fact, but rather to determine whether any such issues exist."Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts . . ." (Internal quotation marks omitted.) Hertz Corp. v. Federal Insurance Co., 245 Conn. 374, 381,713 A.2d 820 (1998). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) Witt v. St. Vincent's MedicalCenter, 252 Conn. 363, 372 n. 7, 746 A.2d 753 (2000).
The defendant City seeks summary judgment as to counts seven and eight primarily on the ground of governmental immunity. Count seven of the plaintiffs' complaint alleges negligent acts or omissions by the City on its part or on the part of its employees. The allegations which form the basis of plaintiffs' claim in that count are as follows. The property upon which their home was built and septic system installed was designated as an area of special concern. The permit to install the septic system was issued by Middletown to an unqualified person, the town negligently failed to inspect to see if the system was being installed in accordance with the plan submitted, and failed to see if the installation was proper. Thereafter, plaintiffs allege that the town negligently approved the installation and improperly permitted a discharge permit to be issued. Plaintiffs further allege that Middletown knew or should have known that the permit to discharge was wrongfully issued, that plaintiffs' family would be affected by the malfunction of the septic system and that the plaintiffs relied upon the City's issuance of the discharge permit.
In their eighth count, the plaintiffs allege that the City was derelict or negligent in the enforcement of certain provisions of the Public Health Code with respect to the installation and operation of septic systems and discharge therefrom and that the City neglected, failed or refused to conduct proper and timely inspections as to the cause of the failure of the septic system. Plaintiffs claim the City's failure to enforce the Public Health Code as alleged was the cause of the discharge of sewage on the plaintiffs' property. The City failed to order a show cause hearing or issue orders to the responsible parties, either the permit holder, the co-defendant Murdy, or the hired contractor, Murdy and Sons. Plaintiffs allege that these failures by the City have subjected the plaintiffs to undue risks to their health and improperly subjected them to fine or imprisonment.
The defendant City in its motion for summary judgment claims that all of the acts or omissions of which the plaintiffs complain are CT Page 2941 discretionary and they are immune from liability under principles of governmental immunity.
"[M]unicipalities and their employees or agents have immunity from negligence liability for governmental acts involving the exercise of judgment or discretion." Elliott v. Waterbury, 245 Conn. 385, 411,715 A.2d 27 (1998); see also Gordon v. Bridgeport Housing Authority,208 Conn. 161, 166, 544 A.2d 1185 (1988). "[A] municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act." (Internal quotation marks omitted.) Purzycki v.Fairfield, 244 Conn. 101, 107, 708 A.2d 937 (1998).
In deciding whether an action is barred by the doctrine of governmental immunity, "the court looks to see whether there is a public or private duty . . ." Gordon v. Bridgeport Housing Authority, supra, 208 Conn. 170. "If a public duty exists, an official can be liable only if the act complained of is a ministerial act or one of the narrow exceptions to discretionary acts applies." Id. "[A]lthough the public duty doctrine provides the starting point of the analysis, distinctions between discretionary acts and ministerial acts are often controlling without regard to whether the duty is ascertained to be public or private." Id.
"[W]here the duty of the public official to act is not ministerial but instead involves the exercise of discretion, the negligent failure to act will not subject the public official to liability unless the duty to act is clear and unequivocal." (Internal quotation marks omitted.) Id., 167.
The Connecticut Supreme Court has held that "acts or omissions in connection [with governmental function] ordinarily do not give rise to liability on the part of the municipality." (Internal quotation marks omitted.) Id., 180; see also Stiebitz v. Mahoney, 144 Conn. 443, 446,134 A.2d 71 (1957); Leger v. Kelley, 142 Conn. 585, 589-91 (1955). The claims of negligent enforcements as to the City allege failure to investigate and enforce under the foregoing case law, and they implicate purely discretionary functions of the City, as are the claimed acts of negligence pertaining to the issuance of the permit in the first instance.
The analysis, however, does not end here. The municipal immunity asserted is conditional. In Shore v. Stonington, 187 Conn. 147, 154-55,444 A.2d 1379 (1982), the Supreme Court recognized three exceptions to the immunity of public officials performing discretionary acts. They are: "first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute CT Page 2942 specifically provides for a cause of action against a municipality or municipal officer for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Internal quotation marks omitted.) Purzycki v.Fairfield, supra, 244 Conn. 108; see also Evon v. Andrews, 211 Conn. 501,505, 559 A.2d 1131 (1989).
The only possible applicable exception to the present case is the identifiable person/imminent harm exception. "The `discrete person/imminent harm' exception to the general rule of governmental immunity for employees engaged in discretionary activities has received very limited recognition in this state." Evon v. Andrews, supra,211 Conn. 507. This exception applies "not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims at imminent risk." Burns v. Board of Education,228 Conn. 640, 646, 638 A.2d 1 (1994) (high school student who broke his arm on an ice patch on a heavily traveled walkway between school buildings is member of class of foreseeable victims).
The plaintiffs in the present case may well be identifiable victims. But, for the plaintiffs to succeed they would also have to prove that the harm was imminent. "In delineating the scope of a foreseeable class of victims exception to governmental immunity, our courts have considered numerous criteria, including the imminency of any potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim." Id., 647. The septic failure experienced by the plaintiff could have occurred "at any future time or not at all." See Evon v. Andrews, supra, 211 Conn. 508. InPurzycki v. Fairfield . . . the Supreme Court interpreted the imminent harm requirement expansively, but still restricted it to cases involving a temporary condition, existing for a limited time. In Purzycki v.Fairfield, supra, 110, the exception applied for a one-half hour time period when second grade students were dismissed from the lunch room to an unsupervised school hallway leading to the outside play area during recess and a student was hurt when he was tripped by a fellow student.Purzycki is distinguishable from the present case because the harm was within a foreseeable time period, one-half hour, during lunch recess, and the geographic scope was limited to the specific hallway at the school leading from the lunch room to the playground.
In the present case, the injury alleged could not have occurred, or could have occurred at any time. The "harm" claimed by plaintiffs was not limited to a specific time period as was the case in Burns and Purzycki. The fact of a failure, and the time and the place of any failure if one occurred, were totally unforeseeable. Accordingly, the imminent harm CT Page 2943 exception is not applicable and the claims of negligence and negligent enforcement against the City are barred by the doctrine of governmental immunity.
In its opposition to defendant City's motion for summary judgment, plaintiffs seek to rely on General Statute § 52-557n (b) (7) and (8). Neither of those subsections are intended to create any duty but merely create additional conditional immunity. In both subsections, the municipality and its employees are not entitled to the immunity provided by the section if the act or omission complained of constitutes "a reckless disregard for health or safety under all the relevant circumstances." Nowhere in the plaintiffs' fourth amended complaint is recklessness alleged.
Plaintiffs further allege that the acts or omissions complained of pertain to ministerial acts and not acts that are to be performed in a discretionary manner. There is no act or omission complained of by plaintiffs which refers to an act "which [is] to be performed in a prescribed manner without the exercise of judgment or discretion." SeeGordon v. Bridgeport Housing Authority, 208 Conn. 161, 168 (1988).
The defendant City of Middletown's motion for summary judgment is granted as to counts seven and eight.
McLachlan, J. CT Page 2944