[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned civil suit comes before this court on the motion for summary judgment of defendants Henry A. Giuca and the Town of Westbrook ("municipal defendants"). The motion is addressed to the tenth count of the Fourth Amended Complaint, in which the plaintiff alleges that the movants are liable for negligent or reckless approval of a building foundation in 1978. The motion is also addressed to the eleventh count, in which the plaintiff alleges that by issuing approvals the municipal defendants engaged in a civil conspiracy to induce the plaintiff to buy the lot and pay the contract sum for construction of a house claimed to be built on unsuitable soil on an unstable site where tree stumps and other organic material had been buried.
The movants take the position that the counts against them are barred by the applicable statute of limitation and by principles of governmental immunity in general and as redefined in Conn. Gen. Stat. § 52-557n, and that the Town of Westbrook is not liable to indemnify Mr. Giuca because the plaintiff failed to provide the notice required by Conn. Gen. Stat. § 7-465. In the tenth count of the complaint, the plaintiff alleges that in 1978 and 1979 Henry Giuca was the building official in the town of Westbrook and that in that capacity he had a duty to inspect the foundation of the residence under construction by W. C. Cox Construction Corporation at 55 Hunter Ridge Drive on a lot she had purchased from defendants Walter C. Cox, Jr. and Mary Cox. The plaintiff alleges that Mr. Giuca saw that the soil where concrete footings were to be poured for the construction of the CT Page 8799 house consisted of organic silt and that he "negligently and/or recklessly allowed the footings to be poured and allowed construction to proceed with his approval."
The plaintiff claims as part of the tenth court that the defendant Town of Westbrook is obligated to indemnify Henry A. Giuca for the claims asserted in this action.
In the eleventh count, the plaintiff alleges that the same actions by Giuca are actionable as a civil conspiracy.
STANDARD OF REVIEW
Summary judgment is to be rendered if the pleadings, affidavits and any other proof submitted show there is no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384. The party seeking summary judgment has the burden of showing the absence of any genuine dispute as to any material fact PeerlessInsurance Co. v. Gonzalez, 241 Conn. 476, 481 (1997). The movant must show what the material facts are and that on the basis of those facts there is but one legal conclusion that the trier of fact could reasonably reach in accordance with the applicable lawMiller v. United Technologies Corp., 233 Conn. 732, 751-52
(1995).
Summary judgment is appropriate to determine legal issues such as the scope of a contract or the application of a legal bar to suit where no facts material to the applicability of such provisions are in dispute. Peerless Insurance Co. v. Gonzalez,241 Conn. 481-88; Girard v. Weiss, 43 Conn. App. 397 (1996).
A party opposing summary judgment must substantiate its claim that there is a genuine issue of material fact and set forth evidence of the facts claimed to be in dispute. Practice Book § 381; Strada v. Connecticut Newspapers, Inc., 193 Conn. 313,317 (1984); Burns v. Hartford Hospital, 192 Conn. 451, 455
(1984).
MUNICIPAL IMMUNITY DEFENSE
The movants have identified two sources of a bar to liability: common law immunity for persons performing discretionary functions on behalf of a governmental entity and the statutory bar of § 52-557n Conn. Gen. Stat. CT Page 8800
In their complaint, the plaintiffs allege that Mr. Giuca performed his inspection on the foundation and on the completed home in his capacity as town building inspector. (Tenth Count, paragraph 9-12). The plaintiff allege that defendant Giuca saw the soil where the footings were to be poured, and "negligently and/or recklessly" allowed the footings to be poured and granted a certificate of occupancy. (Tenth Count, paragraph 16-17).
The plaintiffs have not alleged that defendant Giuca acted with malice, wantonness or intent to injure.
A municipal employee has qualified immunity for the performance of discretionary acts and may be held liable only if he acts maliciously, wantonly or intentionally. Evon v. Andrews,211 Conn. 501, 505 (1989); Sherman-Colonial Realty Corp. v.Goldsmith, 155 Conn. 175, 185, (1967); Steibitz v. Mahoney,144 Conn. 443, 448-49 (1957).
The plaintiff argues that summary judgment is inappropriate when issues of intent are involved. See Suarez v. DickmontPlastics Corp., 229 Conn. 99, 105 (1994). The plaintiff has not, however, alleged in her complaint that defendant Giuca intentionally or maliciously failed to perform his inspection properly. She has alleged only that he acted "negligently and/or recklessly" in approving the foundation and occupancy after allegedly viewing an inappropriate soil type in the area of the footings.
The motion for summary judgment must be adjudicated on the basis of the cause of action actually alleged in the complaint, not on the basis of a different claim that has not been pleaded. The plaintiff has alleged only negligent or reckless conduct by the building inspector. The issue before this court, therefore, is whether the doctrine of governmental immunity bars that claim.
While it is a ministerial act for a municipal inspector to show up to inspect premises where a statute or ordinance specifies that an inspection be performed, the manner and extent of the inspection and the conclusions reached as to approving or rejecting the thing inspected involved the exercise of the official's judgment. Evon v. Andrews, 211 Conn. 501, 506 (1989). In Evon, the plaintiffs' decedents were killed in a fire in a multi-family residence that they alleged should have been subjected to code enforcement orders by city officials. The CT Page 8801 Supreme Court ruled that the inspection and decisions reached concerning whether remedial orders were required involved the exercise of judgment and were therefore discretionary, not ministerial. Evon v. Andrews, 211 Conn. 506-507.
More recently, in Beach v. Regional School District No. 13,42 Conn. App. 542 553, (1996), the Appellate Court has explained that a "ministerial" duty is one that "is to be performed in a prescribed manner without the exercise of judgment or discretion." In that case, the Court approved a ruling that the removal of ice and snow from a high school's walkways was a discretionary, not a ministerial act. Similarly, in Purzycki v.Fairfield, 44 Conn. App. 359 (1997) the Appellate Court approved a ruling setting aside a verdict on the ground that supervision of students was a discretionary, not a ministerial act.
An exception exists where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm. See,e.g., Evon v. Andrews, 211 Conn. 505; Sestito v. Groton,178 Conn. 520, 528 (1979). In Evon, the plaintiffs argued that occupants of the house were such foreseeable victims of imminent harm. The Supreme Court rejected this argument, noting that potential dangers at a premises could arise at some far distant, unspecified time, and are not analogous to situations to which the exception has been held to apply, such as the failure to protect a person during a fight. Evon v. Andrews, 211 Conn. 507-508;Shore v. Stonington, 187 Conn. 147 (1982). This case, unlikeBurns v. Board of Education of Stamford, 228 Conn. 640 (1994), does not involve persons required by law to be present on the premises in question. In this case, any negligent or reckless failure to make the conclusions the plaintiff claims were warranted could have resulted in harm occurring when the plaintiff no longer owned the house and the nature of the harm was not such that it was likely to occur imminently.
Observations and the drawing of conclusions concerning the soundness of construction require judgment and are discretionary, not ministerial, functions of a building inspector. In opposing summary judgment, the plaintiff has submitted no facts that would support a finding that review of the footings was ministerial, involving automatic, nonjudgmental functions.
The plaintiff has argued that the situation resembles that presented in Wright v. Brown, 167 Conn. 464 (1975). In that case, CT Page 8802 the official had no discretion. Pursuant to § 22-358 C.G.S. a animal warden was required to quarantine a dog that had bitten a person not on the premises of the owner or keeper of the dog and the warden had no discretion to do otherwise. In the instant case, the plaintiff alleges that the building inspector had a duty to inspect the soil under the footings, to reach a conclusion as to its suitability, and to disapprove or approve based on that determination. The plaintiff has cited no regulation or other provision that limited the building inspector's determination or actions to a particular course of action, as was the case in Wright v. Brown.
Since the plaintiff has alleged only degrees of negligence in performing inspections and issuing approvals, not intentional or malicious malfeasance, her claims in the tenth count are barred by the doctrine of governmental immunity.
CONSPIRACY
In the eleventh count of the complaint, the plaintiff alleges that the actions of defendants Giuca and the Town of Westbrook described in the preceding counts constitute a civil conspiracy to conceal facts concerning the soil from the plaintiff, to induce her to purchase the lot and to enter into a contract to build a house and pay the contract sum. The sole actions that defendant Giuca is alleged to have engaged in are those set forth in the tenth count. Since those acts do not give rise to liability because of the doctrine of governmental immunity, the same acts do not become actionable because they are characterized as part of a conspiracy. It must be noted that in the eleventh count the plaintiff likewise has not alleged that defendant Giuca acted intentionally or maliciously in derogation of his duty in approving the foundation or issuing a certificate of occupancy.
STATUTE OF LIMITATION
The movants have asserted as an additional ground for summary judgment the defense that the claim against them is barred by the statute of limitation. They have not, however, established the date on which the plaintiff knew of the presence of organic silt under the foundation, the event that would likely constitute the date of discovery of actionable harm, See Lambert v. Stovall,205 Conn. 1, 6 (1987).
A letter from the plaintiff's son to defendant Cox indicates CT Page 8803 knowledge of the presence of organic material and inappropriate soil at an unspecified time before the date of that letter, August 26, 1994. The motion for leave to cite in Henry Giuca was filed on August 23, 1996, and it arguably relates back to a prior mistaken citing in of the "estate of Henry Giuca" in October 1995.
The movants have not established facts on which a conclusion could be based that suit was not commenced within two years of discovery of the actionable harm, since the date of discovery of the condition of the soil could have been August 25, 1994, the day before Peter Lewis' letter.
Since the movants have not shown what the crucial facts are as to the statute of limitation defense as they formulate it, they have not demonstrated that they are entitled to summary judgment on this ground as well as on the ground of governmental immunity.
CONCLUSION
The motion of Henry Giuca and the Town of Westbrook for summary judgment as to counts ten and eleven of the fourth amended complaint is granted for foregoing reasons.
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT