[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#111)
This is a civil action in one count in which the plaintiff; Alfred R. Hebert ("Hebert") alleges that he was injured on July 25, 1996 when he slipped on a slick, slippery approach ledge to the dumping site at the Ansonia garbage dump and fell approximately 15 to 20 feet into the bottom of the dump. (Complaint, ¶ 4.) The only defendant in this case is the city of Ansonia ("Ansonia"). Hebert alleges that his fall was proximately caused by Ansonia's negligence in that it "did not maintain the surface portions of its dumping area in a safe condition in that the area was slick and wet rendering pedestrian traffic hazardous and dangers; [it] knew that the slick, wet areas had existed for an unreasonable period of time yet took no measures to remedy and correct [them]; [it] caused or allowed or permitted the areas traveled by pedestrians within the confines of the dump to be and to remain in a slippery, unsafe and dangerous condition; [it] failed to repair or remedy said condition in a reasonable safe manner for the purposes to which it was put; [it] knew or should have known that the slick and wet condition existed and yet failed to remedy the same; [it] failed to warn the plaintiff or other members of CT Page 7404 the public of this slippery, unsafe and dangerous area within the confines of the garbage dump; [it] failed to make proper, reasonable and timely inspections of said premises when it knew or, in the exercise of reasonable care, should have known of said dangerous condition; [and it] negligently and carelessly failed to provide any anti-slip materials and/or mats at said area to afford a safeguard to the plaintiff Alfred Hebert, or others similarly situated." (¶ 7.)
Ansonia has filed a motion for summary judgment claiming that Hebert's action is barred by the doctrine of governmental immunity in two respects: first, that the maintenance of a transfer station is a discretionary governmental function and no exception to governmental immunity has been alleged and, second, that this is a common law negligence brought solely against a municipality, without reliance on any statute which would abrogate the doctrine of governmental immunity. In reply, Hebert claims that the acts and omissions alleged in the complaint are ministerial duties. Alternatively, he claims that if they are discretionary functions, the identifiable victim/imminent harm exception to governmental immunity applies.
"Practice Book . . . § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Brackets omitted; internal quotation marks omitted.) Miles v. Foley,253 Conn. 381, 385, 752 A.2d 503 (2000). A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven,213 Conn. 277, 279, 567 A.2d 829 (1989). "A defendant's motion for summary judgment is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact. Perille v. Raybestos-Manhattan-Europe, Inc.,196 Conn. 529, 543, 494 A.2d 555 (1985)." (Internal quotation marks omitted.) Brunswick v. Safeco Ins. Co., 48 Conn. App. 699, 704,711 A.2d 1202, cert. denied, 247 Conn. 923, 719 A.2d 1168 (1998).
Ansonia does not dispute the facts alleged in Hebert's complaint but maintains they are legally insufficient to overcome its asserted defense of governmental immunity. Both parties agree that the operation of the Ansonia transfer station, which is referred to in the complaint as the municipal garbage dump/landfill (Complaint, ¶ 3), is a governmental function. In support of its motion for summary judgment, Ansonia has submitted the affidavit of Joseph Maffeo, who has been its superintendent of public works since 1989. In it, Maffeo avers that the transfer station is operated for the public benefit and the promotion of public health, does not generate a profit for Ansonia and is not operated for Ansonia's CT Page 7405 pecuniary benefit. (Affidavit, ¶¶ 6, 7, 8.) Maffeo also avers that Ansonia does not have any mandatory procedures or directives concerning the maintenance of the transfer station and that the manner of its maintenance has required the exercise of the judgment of city employees. (Affidavit, ¶¶ 9, 10.) Hebert has not submitted any evidence in opposition to the motion for summary judgment but relies on certain statutes and regulations to support his claim that the maintenance of the transfer station is a ministerial duty.
The issue of governmental immunity can be decided as a matter of law.Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). "A municipality's potential liability for its tortious acts is limited by the common law principle of governmental immunity. . . . Governmental immunity, however, is not a blanket protection for all official acts." (Citation omitted.) Heigl v. Board of Education,218 Conn. 1, 4, 587 A.2d 423 (1991).
 I. Discretionary Function
"A municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts. Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." (Citations omitted.) Gauvin v. New Haven, 187 Conn. 180, 184, 445 A.2d 1
(1982). "The hallmark of a discretionary act is that it requires the exercise of judgment." Lombard v. Edward J. Peters. Jr., P.C.,252 Conn. 623, 628, 749 A.2d 630 (2000).
In cases involving the maintenance of municipal property, the Appellate Court has drawn a clear distinction between those instances in which the nature and manner of the maintenance to be performed was governed by a specific directive and those in which it was not. Compare Kolaniak v.Board of Education, 28 Conn. App. 277, 281, 610 A.2d 193, (1992) (existence of specific bulletin regarding walkway inspection and maintenance precluded defense of governmental immunity) with Beach v.Regional School District, 42 Conn. App. 542, 554, 682 A.2d 118m, cert. denied 239 Conn. 939, 684 A.2d 710 (1996) (absence of specific directive and testimony that no prescribed policies allowed finding of discretionary function.). In this case, it is undisputed that Ansonia did not have any mandatory procedures or directives regarding the maintenance of the transfer station and left the manner of maintenance to the exercise of the discretion of its employees. Thus, to prevail on his claim that the maintenance functions were ministerial, the statute and regulations that Hebert relies upon must prescribe the conditions for CT Page 7406 maintenance of the transfer station.
In his memorandum, Hebert has cited General Statutes § 7-148
(c)(6) (ii)[1] and various sections of the Regulations of Connecticut State Agencies regarding solid waste disposal areas. The statute merely provides that is it within the scope of municipal power to "create, provide for, construct, regulate and maintain all things in the nature of public works and improvements." It is neither prescriptive, directive nor mandatory. The specific provisions of the cited regulations,[2] which are "regulations governing solid waste management, and permits," General Statutes § 22a-209, similarly fail to prescribe the manner in which a transfer station must be maintained, as the text cited in footnote 3 amply demonstrates.[3] The court concludes, as a matter of law, that the maintenance of the Ansonia transfer station is a discretionary governmental function.
 II. Identifiable Person-Imminent Harm
There are, however, certain exceptions to governmental immunity even if the acts or omissions that are claimed to be negligent are discretionary functions. "The immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions or circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm; see, e.g., Sestito v. Groton,178 Conn. 520, 528, 423 A.2d 165 (1979); second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws; see, e.g., General Statutes 7-108 creating municipal liability for damage done by mobs; and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence. See, e.g., Stiebitz v.Mahoney, 144 Conn. 443, 448-49, 134 A.2d 71 (1957)." (Emphasis added.)Evon v. Andrews, 211 Conn. 501, 505, 559 A.2d 1131 (1989).
Hebert has claimed in his memorandum that his case falls within the first exception and that he was an identifiable person subject to imminent harm. Ansonia maintains, however, that the exception applies only in cases where there is a negligence claim made against a specific municipal employee or employees and not in a case such as this where the claim of negligence is made solely against the municipality. Certainly the highlighted language in Evon v. Andrew, supra, supports this position. The court concurs with other decisions of the Superior Court which have concluded that the identifiable person-imminent harm exception does not apply to a municipality's governmental immunity. See, e.g.,Miller v. South Windsor, Superior Court, judicial district of Tolland at CT Page 7407 Rockville, Docket No. 070122 (Sferrazza, J., Oct. 27, 2000); Knoob v.North Branford, Superior Court, judicial district of New Haven, Docket No. 389536 (Doherty, J., July 7, 2000); Maderos v. Shelton, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 058185 (Thompson, J., Oct. 8, 1998).
Even if the identifiable person-imminent harm exception were applicable to a negligence claim made solely against a municipality, Hebert has failed to allege sufficient facts, or come forward with evidentiary facts in opposition to the motion for summary judgment, which would allow a reasonable fact-finder to conclude that he would qualify for that exception. In order to assert the exception, a plaintiff must establish that he was a member of a "narrowly defined identified [class] of foreseeable victims." Burns v. Board of Education, 228 Conn. 640, 646,638 A.2d 1 (1994). In his complaint, Hebert alleges that he was a resident of Bethany and entered onto the premises of the Ansonia transfer station to dispose of some household items with the consent and acquiescence of the defendant. This allegation is insufficient to distinguish Hebert from any other member of the general public who may have used the transfer station at any time.
 III. Common Law Negligence
Finally, Ansonia maintains that this case fits squarely within the holding of Williams v. New Haven, 243 Conn. 763, 707 A.2d 1251 (1998), in that the only allegations made against it are of common law negligence and Hebert has failed to invoke a statute abrogating its immunity or name a responsible municipal employee to invoke indemnification pursuant to General Statutes § 7-465. The court agrees.
In Williams, the plaintiffs brought common law claims of negligence and nuisance only against the city of New Haven and did not rely on any statute abrogating governmental immunity as a basis for the municipality's liability. The court concluded that the action was barred by the doctrine of governmental immunity because of the plaintiffs' failure to invoke an appropriate statutory basis for liability or to name an agent, officer or employee of the municipality and proceed under the indemnification provisions of General Statutes § 7-645. Id.,243 Conn. 769.
There has been nothing presented to the court to distinguish this case from Williams. The complaint does not allege any statutory liability. See Practice Book § 10-3 ("When any claim made in a complaint . . . is grounded on a statute, the statute shall be specifically identified by its number."). Hebert has not presented any argument premised on statutory liability in responding to this motion for summary judgment.[4]
CT Page 7408 See Colon v. New Haven, 60 Conn. App. 178, 188, n. 4, 758 A.2d 900, cert. denied 255 Conn. 908, 763 A.2d 1035 (2000) (Since plaintiffs raised General Statutes § 52-557n in opposing motion for summary judgment, the Appellate Court determined Williams was not applicable.). Finally, Hebert has not named any specific municipal agent, officer or employee for whose negligence he seeks indemnification from Ansonia under General Statute § 7-645.
 IV. Conclusion
For the foregoing reasons, the defendant's motion for summary judgment is granted. Judgment shall enter in favor of the defendant and against the plaintiff on the complaint.
Linda K. Lager, Judge